**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM SMITH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>INDEPENDENT HOME PRODUCTS LLC,<br><br>*Defendant.* | Case No. 2:26-cv-4564<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

1

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      William Smith ("Plaintiff") brings this action to enforce the consumer privacy provisions of the TCPA alleging that Independent Home Products LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

## PARTIES

4.      Plaintiff is a natural person.

5.      Defendant is a limited liability company headquartered in this District.

## JURISDICTION & VENUE

6.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7.      The Court has general personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

2

**THE TELEPHONE CONSUMER PROTECTION ACT**

8.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

9.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

12.    Plaintiff is, and at all times mentioned herein was, a natural person.

13.    Plaintiff's telephone number, (615) XXX-XXXX, is a non-commercial cellular telephone number.

14.    Plaintiff uses the telephone number for personal, residential, and household purposes.

15.    Plaintiff's number has been listed on the National Do Not Call Registry since more than thirty days prior to the calls at issue.

16.     Plaintiff has never been a customer of Defendant's.

17.     Starting in at least December 2025, and continuing through to present, Plaintiff has received at least 49 calls in total, from the Defendant regarding purchasing bath tubs, almost all of which came from the caller ID 888-361-5348.

18.     The calls continue to this day.

19.     Several of the calls were placed using an artificial or prerecorded voice and left identical voicemail messages using such a voice.

20.     Those prerecorded calls all stated the following:

. . . and I was saying hi. This is Sarah from Independent Home. Is this Wilma? [pause without response] I'm calling because Wilma showed interest in a bath. Is this Wilma?

21.     The messages sometimes varied in content slightly, but utilized the same type of voice, which was obviously artificial and computer generated, and possibly was an AI robot.

22.     In fact, on at least two occasions, the artificial or prerecorded voice can be heard speaking over the Plaintiff's voicemail greeting at the same time.

23.     The calls were obviously prerecorded because it would be illogical to call a telephone number and then start speaking and to begin leaving a message while still listening to a voicemail greeting.

24.     The prerecorded calls were Defendant's attempt to advertise its bath tubs.

25.     The calls were intended for someone unknown to Plaintiff, as the Plaintiff is not "Wilma" and does not know a "Wilma."

26.     Plaintiff knows the aforementioned calls were placed using and beginning with prerecorded voice because Plaintiff listened to the recordings and the voice sounded scripted and recorded in advance.

4

27.    Additionally, part of the message played during the voicemail greeting on at least two occasions, as outlined above.

28.    Contrary to this message, Plaintiff, who is not "Wilma" and does not know "Wilma," did not submit a request for walk in bath tubs.

29.    The Plaintiff has no need for such bath tubs.

30.    On May 7, 2026, the Plaintiff called the Defendant directly to ascertain why he was receiving calls and to attempt to get them to stop.

31.    Instead of the calls stopping, the Plaintiff began to receive text message calls as outlined below, including as recently as July of 2026:



32.    Defendant continues to call and send text message calls to Plaintiff to this day.

33.     Despite the instruction that Defendant no longer contact Plaintiff, Defendant continued making telemarketing calls.

34.     The calls were unwanted.

35.     The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

36.     The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

37.     Plaintiff found the calls frustrating, annoying, and intrusive.

38.     The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

39.     Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

40.     Defendant continued sending calls despite Plaintiff's clear indication that calls were unwanted.

41.     Plaintiff was harmed by Defendant's conduct because the calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

## CLASS ACTION STATEMENT

42.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2).

44.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and/or that Defendant was contacting a wrong number and (5) within the four years prior to the filing of the Complaint.

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of the Defendants (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiffs.

45.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

46.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

48.     This Class Action Complaint seeks injunctive relief and money damages.

7

49. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

50. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

51. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

52. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

54. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.   Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.   whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c.   whether Defendant made calls using an artificial or prerecorded voice to Plaintiff and members of the Robocall class;

d.   Whether Defendant's conduct constitutes a violation of the TCPA; and

e.   Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

55. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

56.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

57.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

58.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

59.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

60.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61.     The foregoing acts and omissions of Defendant and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the

9

National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

62.    Defendant's violations were negligent, willful, or knowing.

63.    As a result of Defendant's and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

64.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

65.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

66.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

67.    Defendant's violations were negligent, willful, or knowing.

68.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## THIRD CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)) on behalf of the Robocall Class)

69.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

70.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.

71.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

72.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

73.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers

advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, to a number which had previously asked to stop, or using a prerecorded voice in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Attorneys' fees and costs, as permitted by law; and

E.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this 28th day of July, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687 (Subject to PHV)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

12