McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Philip A. Goldstein**
Direct: 212.548.2167
pagoldstein@mcguirewoods.com

August 20, 2026

**VIA ECF**
Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Smith v. Independent Home Products LLC***
**Case No. 2:26-cv-04564 (BMC)**
***Pre-Motion Conference Request: Motion to Dismiss or More Definite Statement***

Dear Judge Cogan,

Pursuant to Section III.B.2 of Your Honor's Individual Practices, Defendant Independent Home LLC ("Independent Home"), improperly named as "Independent Home Products LLC," respectfully requests a pre-motion conference regarding its anticipated motion to dismiss for lack of adequate jurisdictional or venue allegations or in the alternative, for a more definite statement under Rule 12(e).

## INTRODUCTION

On or about August 2026, Plaintiff William Smith ("Smith") filed this putative class action, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on eleven allegedly unwanted telephone calls. The Complaint names "Independent Home Products LLC" as the sole defendant. But the correct entity is Independent Home LLC. This is because after Independent Home purchased Independent Home Products LLC's assets on December 31, 2020, Independent Home Products LLC ceased business operations.

Even if the Complaint named the correct defendant, it is devoid of sufficient allegations addressing jurisdiction or venue. Beyond the bald assertion that the incorrectly named defendant is "a limited liability company headquartered in this District," the Complaint contains no allegations addressing personal jurisdiction, or venue. Compl. ¶ 5. It does not allege Smith's state of residence or citizenship; instead it just states "Plaintiff is a natural person." *Id*. ¶ 5. Nor does the Complaint explain from where any of the calls at issue were made. *See generally* Compl. Such pleading is insufficient and should result in dismissal, or alternatively, Smith should be ordered to plead sufficient facts such that this Court and the proper defendant are able to evaluate whether jurisdiction and venue are proper.

**ARGUMENT**

**A. The Named Defendant Is Not the Proper Party**

The Complaint names "Independent Home Products LLC," but that entity is not the proper party. On December 31, 2020, Independent Home LLC purchased Independent Home Products LLC's assets, and Independent Home Products LLC ceased business operations effective January 1, 2021. The correct entity is Independent Home LLC. A plaintiff cannot maintain a lawsuit against a defunct entity, so the Complaint should be dismissed. *See Sterling Select II Advisory, LLC v. Argus Info. & Advisory Servs., Inc.*, No. 23-CIV-2939 (JPC), 2026 U.S. Dist. LEXIS 54255, at *49–50 (S.D.N.Y. Mar. 6, 2026); *see also Garden City Boxing Club, Inc. v. Borinquen 444 Ass'n*, No. 05 CV 3691, 2008 U.S. Dist. LEXIS 121603, at *8 (E.D.N.Y. Mar. 10, 2008) (denying default judgment with prejudice where plaintiff "either used an incorrect name" or "served the documents on the wrong entity"). Similarly, as Independent Home Products LLC ceased operations, it has no tie to the calls at issue in this litigation, which commenced in or about December 2025.

**B. The Complaint Fails to Allege Facts Supporting Venue or Jurisdiction**

The Complaint supplies insufficient facts from which the Court can assess jurisdiction or venue. A plaintiff invoking personal jurisdiction bears the burden of establishing it. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citation omitted). That burden demands "factual specificity," not conclusions, not labels, but actual facts. *Cont'l Indus. Grp. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014). To establish personal jurisdiction, a plaintiff must make "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp.*, 609 F.3d at 35 (quotation omitted). It also is a plaintiff's burden to establish proper venue. *See Budinski v. Mass. Agent of S.S. Auth.*, 758 F. Supp. 3d 158, 161 (W.D.N.Y. 2024) (citing *Wohlbach v. Ziady*, No. 17 CIV. 5790 (ER), 2018 WL 3611928, at *2 (S.D.N.Y. July 27, 2018)).

The Complaint only states that Smith is a "natural person"; it does not plead his citizenship, domicile, or residence. Nor does it identify from where the alleged calls originated, where Smith received them, or what event ties the claims to this District. Without those facts, the Court cannot determine that venue is proper under 28 U.S.C. § 1391(b). *See Rucker v. IQ Data Int'l, Inc.*, No. 22-CV-717(VEC), 2022 U.S. Dist. LEXIS 220074, at *6-7 (S.D.N.Y. Dec. 5, 2022).

**C. Alternatively, the Court Should Order a More Definite Statement**

Even if the Court declines to dismiss outright, a more definite statement under Rule 12(e) is warranted. The Complaint is so vague that Independent Home cannot prepare a response in good faith. It leaves Independent Home unable to determine: (i) the basis for personal jurisdiction; and (ii) the basis for venue. Further, the correct entity has not been sued.

Independent Home respectfully requests a pre-motion conference at the Court's earliest convenience. Independent Home is prepared to file its motion within two weeks of any conference, consistent with the Court's practices.

Respectfully submitted,

*s/ Philip A. Goldstein*

*Philip A. Goldstein*

cc: All counsel of record (via ECF)