P. PERRONG LAW LLC

**1669 Edgewood Road, Suite 218**
**Yardley, PA 19067**

a@perronglaw.com Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com Fax (888) 329-0305

August 22, 2026

*VIA ECF*
Chambers of Hon. Brian M. Cogan
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Response to Pre-Motion Letter,
*Smith v. Independent Home Prods. LLC*, No. 26-cv-4564

Dear Judge Cogan:

Plaintiff William Smith respectfully submits this response, pursuant to Section III.B.2 of Your Honor's Individual Practices, to the August 20, 2026 pre-motion letter of Independent Home LLC ("Defendant"). The contemplated motion is both unnecessary and meritless. Defendant is headquartered at 59 Hempstead Garden Drive, West Hempstead, New York, in Nassau County, within this District, which is precisely where it was served. That single, undisputed fact disposes of both grounds Defendant presses. And as to the naming issue, Defendant never raised it with Plaintiff before filing; had it done so, the parties could have resolved it by stipulation, as Plaintiff remains willing to do.

## I. Defendant Never Raised Any of This With Plaintiff Before Filing.

Defendant's counsel did not contact undersigned counsel with respect to the grounds in its letter before filing its request. Had Defendant simply advised Plaintiff of the alleged corporate successor issue, Plaintiff would have sought a stipulation to substitute party name, and none of this would have reached the Court. The pre-motion conference procedure exists to spare the Court unnecessary motion practice. Plaintiff respectfully submits that the request should be denied as premature on that basis alone.

## II. Defendant Is "At Home" in This District, So General Jurisdiction and Venue Are Proper.

An entity is subject to general personal jurisdiction where it is "at home," paradigmatically, its place of formation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Complaint alleges exactly that:

Defendant "is a limited liability company headquartered in this District," and "[t]he Court has general personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District." Compl. ¶¶ 5, 7. That is not a "bald assertion." It is a factual allegation that tracks the controlling standard and must be credited at this stage.

It is also demonstrably true. Defendant's own website and its Better Business Bureau listing identify its headquarters and principal place of business as the West Hempstead, New York address. Its website goes as far as to "invite you to visit our office at 59 Hempstead Gardens Drive, West Hempstead, NY 11552." And that is the address to which the summons issued and at which Defendant was served. *See* ECF No. 6. Notably, Defendant's letter nowhere denies it. At this stage, Plaintiff need only make a *prima facie* showing of jurisdiction. *Penguin Group*, cited by Defendant, requires only "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." 609 F.3d at 35. Plaintiff has averred that Defendant is headquartered in this District. That establishes general jurisdiction.

Venue follows automatically. Section 1391(b)(1) makes venue proper in any district where a defendant resides, and § 1391(c)(2) provides that an entity resides in any district in which it is subject to personal jurisdiction with respect to the action. Because Defendant is at home here, it resides here, and venue is proper.

## III. Plaintiff's Own Residence and Citizenship Are Irrelevant.

Defendant's complaint that the pleading does not allege Smith's "citizenship, domicile, or residence" misapprehends the basis for jurisdiction. Subject matter jurisdiction rests on 28 U.S.C. § 1331, federal question jurisdiction, because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012). This is not a diversity case, so the parties' citizenship is immaterial. Personal jurisdiction runs to the defendant, not the plaintiff, and a plaintiff's domicile is not an element of general jurisdiction. Venue under § 1391(b)(1) likewise turns exclusively on the defendant's residence. Where the calls originated is similarly beside the point under § 1391(b)(1).

## IV. The Alleged Wrong Party Is a Reason to Substitute, Not Dismiss.

Defendant asserts that the correct operating entity is Independent Home LLC rather than Independent Home Products LLC. If Defendant substantiates that assertion, the remedy is for a motion to substitute party name under Rule 21, not dismissal. Courts routinely permit correction of a misnamed defendant, and such an amendment relates back where the proper party had notice of the action and knew or should have known it would have been named but for a mistake concerning identity. Fed. R. Civ. P. 15(c)(1)(C). Independent Home LLC plainly has notice.

Plaintiff has no interest in litigating against the wrong entity. Upon Defendant's production of documentation substantiating the claimed December 31, 2020 asset purchase and identifying the entity that placed or directed the calls at issue and/or

on whose behalf the calls were made, Plaintiff will promptly seek a stipulation or move to substitute the proper party. Plaintiff notes that Defendant's letter effectively concedes that Independent Home LLC is the entity operating under the "Independent Home" name, the very name used in the prerecorded message calls and text message calls at issue.

**V. Rule 12(e) Relief Is Unwarranted.**

A more definite statement is reserved for a pleading "so vague or ambiguous that the party cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), and such motions are disfavored where the information sought is available through discovery. Defendant's professed inability to discern "the basis for personal jurisdiction" is answered above. The basis is that Defendant is headquartered in this District.

Finally, Plaintiff notes for the record that Defendant's letter mischaracterizes the pleading as involving "eleven allegedly unwanted telephone calls." The Complaint alleges at least 49 calls beginning in or about December 2025 and continuing to the present, together with a series of unsolicited text messages calls. Compl. ¶¶ 17-18, 31-32.

Plaintiff remains hopeful that this letter, and subsequent conference, will cause the Defendant to reconsider its positions. Should Defendant not, the Plaintiff will respond to any motion in due course.

Respectfully Yours,

Andrew R. Perrong, Esq.