UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM SMITH,

Plaintiff,

v.

INDEPENDENT HOME PRODUCTS LLC,

Defendant.

**ORDER**

26-cv-4564 (BMC)

**COGAN**, District Judge.

This cases arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. In accordance with the Court's Individual Rules, defendant has moved for a premotion conference for leave to file a motion to dismiss.

Defendant's proposed motion would argue that (1) plaintiff has sued the wrong entity, and that the named defendant is no longer in business; and (2) the complaint does not adequately allege facts supporting personal jurisdiction over defendant or that venue is proper in this district. Defendant alternatively seeks to move under Fed. R. Civ. P. 12(e) for a more definite statement.

First, if plaintiff wants to sue a defunct business, that is his prerogative, although he may have trouble collecting a judgment. No doubt that, if discovery confirms defendant's contention, plaintiff will amend his complaint, either to substitute the right defendant or join it. In any event, "[t]his is not grounds to dismiss . . . an incorrect variation [of] a name in a summons and complaint is merely 'a technical defect.'" Schleifer v. Lexus of Manhattan, No. 17-cv-8789, 2019 WL 4640055, at *2 (S.D.N.Y. Sep. 24, 2019) (citation omitted). Plaintiff need not take defense counsel's word about a corporate restructuring.

Second, a plaintiff has no obligation under Rule 8 to plead facts in support of venue. See Grajeda v. Aeroil Prods. Co. Inc., No. 96-cv-534, 1999 WL 756507, at *2 n.2 (S.D.N.Y. Sept. 23, 1999) ("the plaintiff need not plead venue in the first instance"). If properly challenged, plaintiff bears the burden of proving proper venue, but regardless, on "a motion to dismiss for . . . improper venue, a court may consider evidence outside the pleadings," for which the Court may permit "limited venue-specific discovery." Uni-Systems, LLC v. U.S. Tennis Ass'n, 350 F. Supp. 3d 143, 159 (E.D.N.Y. 2018).[1]

Third, a plaintiff similarly "has no obligation under Rule 8 to plead any allegations pertaining to personal jurisdiction [unless] it is properly challenged." Parabit Sys., Inc. v. Synergistics, Inc., No. 19-cv-888, 2019 WL 13078616, at *1 (E.D.N.Y. Apr. 5, 2019). And even if he did, the complaint alleges that defendant is "headquartered" in this district and,[2] if true, that settles the matter. See 28 U.S.C. § 1391(b). Only defendant is in a position to know these facts, and the Court may allow discovery if defendant challenges personal jurisdiction.

Finally, "[m]otions pursuant to Rule 12(e) are disfavored and should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted). That is not the case here, and the Court is unlikely to grant a motion on those grounds, especially considering the ready availability of the information that defendant claims to need.

---

[1] Moreover, assuming that venue is the only ground on which defendant could prevail, "[w]hether to transfer or dismiss a case for improper venue is left to the court's discretion." Vice v. Nat'l Coll. Student Loan Tr. 2004-1, _ F. Supp. 3d _, No. 23-cv-6287, 2025 WL 4671151, at *24 (S.D.N.Y. Aug. 29, 2025) (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)). Absent a compelling reason, see, e.g., Blakely v. Lew, 607 F. App'x 15, 18 (2d Cir. 2015) (affirming district court's decision to dismiss versus transfer where plaintiff had engaged in forum-shopping), the Court would transfer, not dismiss, this case.

[2] Defendant's observation that plaintiff failed to allege his "citizenship, domicile, or residence," is meaningless because this is a federal question case.

The proposed motion has every indication of being a time-waster, which is not a good way to start out before this Court. If defendant is serious about filing its motion as proposed, the premotion conference requirement is waived, and it may file the motion by August 31, 2026. Counsel is directed to carefully consider their professional obligations under Rule 11 before doing so.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
August 22, 2026