**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WILLIAM SMITH, individually and on behalf of all others similarly situated, | : | Case No.: 2:26-cv-04564 (BMC) |
| Plaintiff, | : | **DEFENDANT'S ANSWER AND DEFENSES TO CLASS ACTION COMPLAINT** |
| v. | : | |
| INDEPENDENT HOME PRODUCTS LLC, | : | |
| Defendant. | : | |

Defendant Independent Home LLC[1] ("IH") hereby answers the putative Class Action Complaint ("Complaint") filed by Plaintiff William Smith ("Smith" or "Plaintiff"), and responds to each correspondingly numbered paragraph of the Complaint and states as follows:

## AS TO PRELIMINARY STATEMENT

1. *Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id.*

[1] The Complaint names "Independent Home Products LLC" as the sole defendant. But the correct entity is Independent Home LLC. This is because after Independent Home LLC purchased Independent Home Products LLC's assets on December 31, 2020, Independent Home Products LLC has ceased business operations. The incidents in the complaint all occurred after Independent Home Products LLC ceased operations. Accordingly, the responses in this Answer are made on behalf of the correct separate entity—Independent Home LLC.

*§ 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).*

**ANSWER:** IH states that the Telephone Consumer Protection Act ("TCPA") and the authorities cited by Smith speak for themselves, and IH denies the allegations in Paragraph 1 to the extent inconsistent therewith. IH denies the remaining allegations and legal conclusions in Paragraph 1 of the Complaint.

2. *"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. Id…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).*

**ANSWER:** IH states that the TCPA and the authorities cited by Smith speak for themselves, and IH denies the allegations in Paragraph 2 to the extent inconsistent therewith. IH denies the remaining allegations and legal conclusions in Paragraph 2 of the Complaint.

3. *William Smith ("Plaintiff") brings this action to enforce the consumer privacy provisions of the TCPA alleging that Independent Home Products LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.*

**ANSWER:** IH admits that Smith purports to bring a claim against IH for violation of the TCPA, but IH denies that it violated the TCPA, and denies that Smith has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint. IH further denies that class certification is appropriate. IH denies any remaining allegations in Paragraph 3 of the Complaint.

**AS TO PARTIES**

4. *Plaintiff is a natural person.*

**ANSWER:** IH is unable to admit or deny the allegations in Paragraph 4 of the Complaint because the Complaint does not provide sufficient identifying information about Smith, including his address[2] or full telephone number, to permit IH to fully investigate. IH therefore denies the allegations in Paragraph 4 of the Complaint.

5. *Defendant is a limited liability company headquartered in this District.*

**ANSWER:** IH states that the named defendant, Independent Home Products, LLC is improper. IH admits that it is limited liability company registered in Delaware and that it has

[2] Plaintiff's Civil Cover Sheet also merely lists his County of Residence as "OUT OF STATE." ECF No. 1-1 at 1.

business operations in New York. IH denies the remaining allegations in Paragraph 5 of the Complaint.

## AS TO JURISDICTION AND VENUE

6. *The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.*

**ANSWER:** IH admits that Smith's claims purport to arise under federal law and IH is not challenging subject matter jurisdiction. IH denies that Smith has stated any viable individual or class claim or is entitled to any individual or class relief.

7. *The Court has general personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.*

**ANSWER:** IH states that the named defendant, Independent Home Products, LLC is improper. IH admits that it is not challenging personal jurisdiction. IH denies that Smith has stated any viable individual or class claim or is entitled to any individual or class relief.

## AS TO THE TELEPHONE CONSUMER PROTECTION ACT

8. *In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).*

**ANSWER:** IH states that the TCPA and Smith's citations speak for themselves, and IH denies any allegations or legal conclusions inconsistent therewith. IH denies any remaining allegations and legal conclusions in Paragraph 8 of the Complaint.

***The National Do Not Call Registry***

9. *The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).*

**ANSWER:** IH states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and denies any allegations or legal conclusions inconsistent therewith. IH denies any remaining allegations and legal conclusions in Paragraph 9 of the Complaint.

10. *A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id*.

**ANSWER:** IH states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and denies any allegations or legal conclusions inconsistent therewith. IH denies any remaining allegations and legal conclusions in Paragraph 10 of the Complaint.

11. *The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).*

**ANSWER:** IH states that the TCPA and its implementing regulations speak for themselves and denies any allegations or legal conclusions inconsistent therewith. IH denies any remaining allegations and legal conclusions in Paragraph 11 of the Complaint.

**AS TO FACTUAL ALLEGATIONS**

12. *Plaintiff is, and at all times mentioned herein was, a natural person.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 because the Complaint does not provide sufficient identifying information about Smith, including his address[3] or full telephone number, to permit IH to fully investigate, and therefore those allegations are denied.

13. *Plaintiff's telephone number, (615) XXX-XXXX, is a non-commercial cellular telephone number.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore those allegations are denied.

14. *Plaintiff uses the telephone number for personal, residential, and household purposes.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore those allegations are denied.

15. *Plaintiff's number has been listed on the National Do Not Call Registry since more than thirty days prior to the calls at issue.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 because the Complaint does not provide sufficient identifying information about Smith, including his full telephone number, to permit IH to fully investigate, and therefore those allegations are denied.

16. *Plaintiff has never been a customer of Defendant's.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 because the Complaint does not provide sufficient

[3] Plaintiff's Civil Cover Sheet also merely lists his county of residence as "OUT OF STATE." ECF No. 1-1 at 1.

identifying information about Smith, including his address or full telephone number, to permit IH to fully investigate, and therefore those allegations are denied.

17. *Starting in at least December 2025, and continuing through to present, Plaintiff has received at least 49 calls in total, from the Defendant regarding purchasing bath tubs, almost all of which came from the caller ID 888-361-5348.*

**ANSWER:** IH denies the allegations contained in Paragraph 17.

18. *The calls continue to this day.*

**ANSWER:** IH denies the allegations contained in Paragraph 18.

19. *Several of the calls were placed using an artificial or prerecorded voice and left identical voicemail messages using such a voice.*

**ANSWER:** IH states that it utilizes conversational AI technology to initiate contact with consumers who have expressed interest in its products. The technology is interactive and capable of responding to live callers. IH denies the remaining allegations in Paragraph 19 of the Complaint.

20. *Those prerecorded calls all stated the following: . . . and I was saying hi. This is Sarah from Independent Home. Is this Wilma? [pause without response] I'm calling because Wilma showed interest in a bath. Is this Wilma?*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 at this time concerning whether the conversational AI technology utilized the same language in all calls to Smith, and therefore those allegations are denied. IH denies the remaining allegations in Paragraph 20 of the Complaint.

21. *The messages sometimes varied in content slightly, but utilized the same type of voice, which was obviously artificial and computer generated, and possibly was an AI robot.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 at this time concerning whether the conversational AI technology utilized the same language in all calls to Smith, and therefore those allegations are denied. IH denies the remaining allegations in Paragraph 21 of the Complaint.

22. *In fact, on at least two occasions, the artificial or prerecorded voice can be heard speaking over the Plaintiff's voicemail greeting at the same time.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 at this time concerning whether the conversational AI technology spoke over Smith's voicemail on at least two occasions, and therefore those allegations are denied. IH denies the remaining allegations in Paragraph 22 of the Complaint.

23. *The calls were obviously prerecorded because it would be illogical to call a telephone number and then start speaking and to begin leaving a message while still listening to a voicemail greeting.*

**ANSWER:** IH states that it utilizes conversational AI technology to initiate contact with consumers who have expressed interest in its products. The technology is interactive and capable of responding to live callers. IH denies the remaining allegations in Paragraph 23 of the Complaint.

*24. The prerecorded calls were Defendant's attempt to advertise its bath tubs.*

**ANSWER:** IH denies the allegations of Paragraph 24 of the Complaint.

*25. The calls were intended for someone unknown to Plaintiff, as the Plaintiff is not "Wilma" and does not know a "Wilma."*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 because the Complaint does not provide sufficient

identifying information about Smith, including his address or full telephone number, to permit IH to fully investigate whether Smith knows Wilma, and therefore those allegations are denied.

26. *Plaintiff knows the aforementioned calls were placed using and beginning with prerecorded voice because Plaintiff listened to the recordings and the voice sounded scripted and recorded in advance.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore those allegations are denied.

*27. Additionally, part of the message played during the voicemail greeting on at least two occasions, as outlined above.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore those allegations are denied.

*28. Contrary to this message, Plaintiff, who is not "Wilma" and does not know "Wilma," did not submit a request for walk in bath tubs.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore those allegations are denied.

*29. The Plaintiff has no need for such bath tubs.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore those allegations are denied.

*30. On May 7, 2026, the Plaintiff called the Defendant directly to ascertain why he was receiving calls and to attempt to get them to stop.*

**ANSWER:** IH admits that a call was received from a 615-area code phone number on or about May 7, 2026, during which the caller requested to be placed on IH's internal do-not-call list. IH lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 30 because the Complaint does not provide sufficient identifying information about Smith, including his address or full telephone number, to permit IH to fully investigate, and therefore those allegations are denied.

*31. Instead of the calls stopping, the Plaintiff began to receive text message calls as outlined below, including as recently as July of 2026.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, including because IH does not know what Smith means by "text message calls," and therefore those allegations are denied.

*32. Defendant continues to call and send text message calls to Plaintiff to this day.*

**ANSWER:** IH denies the allegations in Paragraph 32 of the Complaint.

*33. Despite the instruction that Defendant no longer contact Plaintiff, Defendant continued making telemarketing calls.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore those allegations are denied.

34. *The calls were unwanted.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore those allegations are denied.

35. *The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.*

**ANSWER:** IH denies the allegations as they constitute legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

36. *The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore those allegations are denied.

37. *Plaintiff found the calls frustrating, annoying, and intrusive.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore those allegations are denied. IH denies the allegations for the additional reason that they constitute legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

38. *The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore those allegations are denied. IH denies the allegations for the additional reason that they constitute legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

39. *Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement*.

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 39 of the Complaint.

40. *Defendant continued sending calls despite Plaintiff's clear indication that calls were unwanted.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore those allegations are denied. IH denies the allegations for the additional reason that they constitute legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

41. *Plaintiff was harmed by Defendant's conduct because the calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 41 of the Complaint.

## AS TO CLASS ACTION STATEMENT

42. *Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.*

**ANSWER:** IH reincorporates and realleges its responses to Paragraphs 1 through 41 of the Complaint as if fully stated herein.

43. *Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2).*

**ANSWER:** IH admits that Smith purports to bring a putative class action, but denies that any class can be certified under the allegations of the Complaint and denies that Smith is otherwise entitled to any of the damages sought or relief requested in the Complaint. IH denies any remaining allegations and legal conclusions in Paragraph 43 of the Complaint.

44. *Plaintiff proposes the following Class definitions, subject to amendment as appropriate:*

> ***National DNC Class****: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.*

> ***Internal Do Not Call Class****: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and/or that Defendant was contacting a wrong number and (5) within the four years prior to the filing of the Complaint.*
>
> ***Robocall Class****: All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of the Defendants (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiffs.*

**ANSWER:** IH admits that Smith purports to bring a putative class action under the proposed class definitions in Paragraph 44 of the Complaint, but denies that any class can be certified under the allegations of the Complaint and denies that Smith is otherwise entitled to any of the damages sought or relief requested in the Complaint. IH denies any remaining allegations and legal conclusions in Paragraph 44 of the Complaint.

45. *Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 45 of the Complaint.

46. *Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.*

**ANSWER:** IH admits that Smith purports to bring a putative class action excluding the persons identified in Paragraph 46 of the Complaint, but denies that any class can be certified under the allegations of the Complaint and denies that Smith is otherwise entitled to any of the

damages sought or relief requested in the Complaint. IH denies any remaining allegations and legal conclusions in Paragraph 46 of the Complaint.

47. *Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 47 of the Complaint.

48. *This Class Action Complaint seeks injunctive relief and money damages.*

**ANSWER:** IH admits that Smith purports to seek injunctive relief and money damages, but IH denies that Smith is entitled to any relief or money damages. IH denies any remaining allegations in Paragraph 48 of the Complaint.

49. *The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.*

**ANSWER:** IH denies the allegations of Paragraph 49 of the Complaint.

50. *Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 50 of the Complaint.

51. *The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 51 of the Complaint.

52. *Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 52 of the Complaint.

53. *There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 53 of the Complaint.

54. *There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following: a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class; b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class; c. whether Defendant made calls using an artificial or prerecorded voice to Plaintiff and members of the Robocall class; d. Whether Defendant's conduct constitutes a violation of the TCPA; and e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 54 of the Complaint, including subparts (a) through (e).

55. *Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.*

**ANSWER:** IH denies the allegations in Paragraph 55 of the Complaint.

56. *Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.*

**ANSWER:** IH denies the allegations in Paragraph 56 of the Complaint. IH's investigation is ongoing, but filings in the consolidated case of *Wilson v. Freeway Insurance Services of America, LLC,* Case No. 6:25-cv-01869-MC (D. Or. 2025), which allege a potential fraudulent scheme by Smith's counsel to manufacture TCPA class actions.[4]

57. *Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 57 of the Complaint.

58. *The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.*

**ANSWER:** IH denies the allegations in Paragraph 58 of the Complaint.

---

[4] Upon information and belief, a written order is forthcoming, but it has been reported that the Court in that action told Smith's counsel that: "I'm quite frankly concerned about whether criminal fraud is taking place" in connection with the consolidated TCPA class actions. *See* https://www.law.com/2026/08/20/federal-judge-orders-discovery-into-potential-tcpa-fraud-dont-take-me-for-an-idiot-up-here/ (last accessed August 31, 2026). IH reserves the right to seek the type of discovery sought and ordered to be preserved in the consolidated *Wilson* cases with respect to whether similar circumstances surround Smith's claims here.

59. *Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.*

**ANSWER:** IH lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore those allegations are denied.

**AS TO FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

60. *Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.*

**ANSWER:** IH realleges and incorporates its answers to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. *The foregoing acts and omissions of Defendant and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 61 of the Complaint.

62. *Defendant's violations were negligent, willful, or knowing.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 62 of the Complaint.

63. *As a result of Defendant's and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of*

*the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 63 of the Complaint.

64. *Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 64 of the Complaint.

**AS TO SECOND CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

65. *Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.*

**ANSWER:** IH realleges and incorporates its answers to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. *The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 66 of the Complaint.

67. *Defendant's violations were negligent, willful, or knowing.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 67 of the Complaint.

68. *As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 68 of the Complaint.

## AS TO THIRD CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)) on behalf of the Robocall Class)

69. *Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.*

**ANSWER:** IH realleges and incorporates its answers to Paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. *The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 70 of the Complaint.

71. *As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 71 of the Complaint.

72. *The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 72 of the Complaint.

73. *Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.*

**ANSWER:** IH denies the allegations and legal conclusions in Paragraph 73 of the Complaint.

**AS TO PRAYER FOR RELIEF**

*Plaintiff prays for the following relief: A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, to a number which had previously asked to stop, or using a prerecorded voice in the future; B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and*

*appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; D. Attorneys' fees and costs, as permitted by law; and E. Such other relief as the Court deems just and proper.*

**ANSWER:** IH denies the allegations and legal conclusions of the Prayer for Relief in the Complaint, including subparts A through E. IH further denies that Smith has stated a cause of action and denies that Smith is entitled to the relief sought or damages claimed in the Complaint.

**AS TO JURY DEMAND**

IH admits that Smith requests a jury trial, but denies that there are any matters to be tried before a jury.

**GENERAL DENIAL**

IH denies each and every allegation not specifically admitted herein.

**DEFENSES**

IH states the following defenses to the Complaint without assuming the burden of proof of any such defense that would otherwise rest on Plaintiff. Defendant reserves the right to amend or supplement its responses to the Complaint, as well as its defenses, as information is gathered or learned through discovery or otherwise.

**FIRST DEFENSE**
**(Failure to State a Claim)**

Smith's Complaint fails to state a claim upon which relief may be granted, including to the extent any communications allegedly at issue are not deemed to fall within the scope of the TCPA.

**SECOND DEFENSE**
**(Prior Express Consent)**

Smith's and the putative class members' claims fail or otherwise are barred, in whole or in part, to the extent Smith and/or the putative class members provided prior express consent for calls or other communications.

**THIRD DEFENSE**
**(Wrong Number / Calls Intended for Third Party)**

Smith's claims are barred, in whole or in part, to the extent the alleged communications were directed to others, including allegedly to an individual identified as "Wilma", and not to Smith, and IH did not intend to contact Smith and had no knowledge that the telephone number was associated with Smith. *See ACA Int'l v. FCC*, 885 F.3d 687, 706-08 (D.C. Cir. 2018) (vacating FCC's reassigned-number framework and holding it untenable for callers to be held strictly liable for calling reassigned numbers). To the extent Smith's telephone number was previously associated with or submitted by another individual and subsequently reassigned or reused, IH had no actual or constructive knowledge of such reassignment and should not face strict liability for contacting a reassigned number.

**FOURTH DEFENSE**
**(Text Messages Are Not "Calls" Under 47 U.S.C. § 227(c)(5))**

To the extent Smith's individual or class claims are based on text messages, those claims fail because text messages are not "telephone calls" within the meaning of the statute. Text messaging did not exist when the TCPA was enacted in 1991, and the statute's do-not-call provisions were not intended to encompass text messages. *See Steidinger v. Blackstone Med. Svs.*, 2026 WL 2028517, at *1-2 (7th Cir. July 14, 2026) (while "[r]epeated, unwanted text messages are undoubtedly a nuisance . . . they do not fall within the private right of action created by § 227(c)(5)."); *see also Radvansky v. 1-800-Flowers.com, Inc.*, 2026 WL 456919, at *5 (N.D. Ga.

Feb. 17, 2026) ("the Court agrees with the decisions in this Circuit concluding that the phrase "telephone call" in 47 U.S.C. § 227(c)(5) does not encompass text messages.").

**FIFTH DEFENSE**
**(Improper Defendant)**

Independent Home Products LLC, the entity named as Defendant in the Complaint, is not the proper defendant.

**SIXTH DEFENSE**
**(Lack of Willful or Knowing Conduct)**

To the extent there was any violation of the TCPA, which IH denies, IH did not willfully or knowingly contact Smith or the putative class without prior consent. Therefore, any damages should not be trebled under 47 U.S.C. § 227(c)(5). IH acted in good faith and without malice.

**SEVENTH DEFENSE**
**(Safe Harbor/Policies and Procedures)**

To the extent there was any violation of the TCPA, which IH denies, IH established and implemented reasonable practices and procedures designed to effectively prevent telephone solicitations to numbers on the National Do Not Call Registry. Any violation that may have occurred was the result of error despite such practices and procedures being in place. Accordingly, IH is entitled to the bona fide error safe harbor under 47 C.F.R. § 64.1200(c)(2)(i)

**EIGHTH DEFENSE**
**(No Actual Injury / Lack of Article III Standing)**

To the extent there was any violation of the TCPA, which Independent Home denies, Smith and members of the putative class have not alleged or sustained a concrete and particularized harm or injury as a result of the alleged violations of the TCPA, and therefore lack standing under Article III of the United States Constitution to pursue their claims. Smith and the putative class must sustain an injury in fact for each individual call for which there was an alleged violation.

**NINTH DEFENSE**
**(Failure to Mitigate Damages)**

Smith's and the putative class members' claims fail or otherwise are barred, in whole or in part, to the extent Smith or the putative class members failed to mitigate damages, including by failing to take steps to stop any allegedly unwanted communications.

**TENTH DEFENSE**
**(Class Certification Not Appropriate)**

This action is not maintainable as a class action because the proposed classes do not satisfy the requirements under Federal Rule of Civil Procedure 23, because, among other reasons, the proposed class does not satisfy the requirements of ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. Questions of fact relating to each individual putative class member predominate over the questions relating to the class, including but not limited to: (1) whether each proposed class member has individual standing; (2) whether each proposed class member consented to receiving calls; (3) whether an established business relationship exists between each proposed class member and Defendant; (4) whether calls to each proposed class member were directed to a wrong number based on third-party lead information; and (5) whether each proposed class member took adequate steps to mitigate damages. Additionally, individualized issues of consent, standing, and whether each class member's telephone number is residential independently defeat predominance under Rule 23(b)(3) because each of these issues requires consumer-by-consumer adjudication that cannot be resolved through common proof.

**ELEVENTH DEFENSE**
**(Inadequate Class Counsel or Representative)**

IH further denies that Smith or his counsel are adequate class representatives. Upon information and belief, Smith's counsel has filed nearly 100 putative TCPA class actions in less

than two years, settled the vast majority individually before any class was certified, and has never pursued contested class certification. *See Wuest v. My Pillow, Inc.*, 2019 WL 3577176, at *3-4 (N.D. Cal. Aug. 6, 2019) (finding the plaintiff who filed ten prior class actions and settled each individually was inadequate because his litigation history showed "a pattern of using the threat of class actions to extract an undeserved premium on an individual claim"). To the extent that Smith's counsel has used the class mechanism to inflate individual settlements while absent class members receive nothing creates an irreconcilable conflict under Rule 23. Smith's Counsel may also be inadequate Rule 23(a)(4) and Rule 23(g) to the extent that an unidentified third-party law firm: (i) has originated and profited from Smith's claims while other lawyers appear as counsel of record; (ii) has an undisclosed financial interest in this litigation; (iii) has engagement arrangements granting it extraordinary control over the litigation.

**TWELFTH DEFENSE**
**(Due Process)**

The amount of damages prescribed by the TCPA are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable, allowing for the Court to reduce the damage award, if any. Thus, as applied in this case, any award of damages should be reduced to comport with due process. *See, e.g.*, *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 962 (8th Cir. 2019). Moreover, certification of the classes described in the Complaint could result in a damages award so far exceeding any actual harm incurred by Smith or the proposed class members as to violate Independent Home's due process rights under the United States Constitution.

**THIRTEENTH DEFENSE**
**(Equitable Defenses / Unclean Hands)**

Smith's and the putative class members' claims are or may be barred by the doctrines of acquiescence, ratification, estoppel, waiver, laches, consent, unclean hands, settlement, and other

equitable doctrines. Smith's and the putative class members' claims are further barred, in whole or in part, to the extent Smith and/or any member of the putative class have settled or waived their claims as to Independent Home. IH's investigation is ongoing, but filings in the consolidated case of *Wilson v. Freeway Insurance Services of America, LLC*, Case No. 6:25-cv-01869-MC (D. Or. 2025), reveal evidence of a fraudulent scheme by Smith's counsel to manufacture TCPA class actions, which if true, warrants application of the unclean hands doctrine to bar or limit recovery. IH reserves the right to seek the type of discovery sought and ordered in the consolidated *Wilson* cases with respect to whether similar circumstances surround Smith's claims here.

**FOURTEENTH DEFENSE**
**(No Prerecorded Voice or ATDS Used)**

Smith's or the putative class members' claims fail to the extent that Independent Home did not use a prerecorded voice or an automatic telephone dialing system as those terms are defined under the TCPA. The Supreme Court has held that to be an auto-dialer, the technology must have the capacity to randomly or sequentially generate numbers to constitute an ATDS, regardless of how those numbers are dialed once they are on a stored list. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021). IH's technology does not randomly or sequentially generate telephone numbers and therefore does not constitute an auto-dialer. Furthermore, IH utilizes interactive conversational AI technology that is capable of engaging in real-time dialogue with live callers. The technology is not a static, prerecorded message or "artificial voice" within the meaning of the statute because it responds dynamically and interactively to each caller in real time, distinguishing it from the type of pre-recorded or artificial voice contemplated by 47 U.S.C. § 227(b)(1)(A).

**FIFTEENTH DEFENSE**
**(Intervening / Superseding Cause / Third-Party Fault)**

Smith's or the putative class members' claims fail or otherwise are barred, in whole or in part, to the extent any alleged injuries of Smith or the putative class were not caused by IH, but were caused by negligent or intentional acts or omissions of Smith, the putative class members, or third parties, or were caused by superseding or intervening events outside the control of IH, including but not limited to the actions of any third-party lead generation vendor that provided contact information to IH, or from persons unknown who provided wrong or inaccurate phone numbers with consent. Any damages must be reduced, diminished, or barred in proportion to wrongful or negligent conduct by persons or entities other than IH, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**SIXTEENTH DEFENSE**
**(Statute of Limitations)**

Smith's and the putative class members' claims are barred, in whole or in part, to the extent any claims fall outside the applicable statute of limitations period.

**SEVENTEENTH DEFENSE**
**(Established Business Relationship)**

Smith's and the putative class members' claims are barred, in whole or in part, to the extent that an established business relationship exists between the putative class members and Independent Home.

**EIGHTEENTH DEFENSE**
**(First Amendment)**

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech.

**NINETEENTH DEFENSE**
**(Unconstitutional Vagueness)**

The TCPA is unconstitutionally vague as applied in this case because the restrictions imposed by the TCPA do not give adequate notice of the conduct that is prohibited.

**TWENTIETH DEFENSE**
**(Not Telephone Solicitations / Not Unsolicited)**

Smith's and the putative class members' claims are barred, in whole or in part, to the extent that alleged communications at issue were not telephone solicitations or were otherwise not unsolicited within the meaning of the TCPA and its implementing regulations.

**TWENTY-FIRST DEFENSE**
**(De Minimis Harm)**

Smith's and the putative class members' claims are barred, in whole or in part, because the alleged actual harm, if any, is negligible and de minimis.

**TWENTY-SECOND DEFENSE**
**(Failure to Join Necessary or Indispensable Parties)**

Smith's and the putative class members' claims are barred, in whole or in part, to the extent that the Complaint has failed to include necessary and/or indispensable parties.

**TWENTY-THIRD DEFENSE**
**(Comparative Fault / Equitable Allocation)**

Any damages, loss, or liability must be reduced, diminished, or barred in proportion to wrongful or negligent conduct by persons or entities other than IH, including Smith and third

parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**TWENTY-FOURTH DEFENSE**
**(Plaintiff Is Not a "Called Party")**

Smith's and the putative class members' claims are barred, in whole or in part, to the extent that Smith and/or the putative class members do not qualify as a "called party" within the meaning of the TCPA. With respect to Smith, the alleged calls at issue were directed to an individual identified as "Wilma," not to Smith. Because Smith was not the intended recipient of the calls, he is not a "called party" under 47 U.S.C. § 227 and lacks the requisite status to bring a TCPA claim.

**TWENTY-FIFTH DEFENSE**
**(No Entitlement to Costs or Attorney Fees)**

Smith's and the putative class members' claims for costs and attorney fees should be denied because the TCPA's private right of action does not provide for the recovery of costs or attorney fees by a successful plaintiff. See 47 U.S.C. § 227(b)(3), (c)(5).

**WHEREFORE**

WHEREFORE, Defendant Independent Home, LLC hereby requests that this Court deny the relief and damages requested in the Complaint, enter judgment in favor of Defendant, dismiss this action with prejudice, and award Defendant its costs, attorneys' fees, and all other relief this Court deems just and appropriate.

Dated: New York, New York
August 31, 2026

Respectfully submitted,

*/s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2100
pagoldstein@mcguirewoods.com

*Attorneys for Independent Home LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2026, I caused to be electronically filed the foregoing Answer with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record in this action, including the following:

Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Email: a@perronglaw.com
*Attorneys for Plaintiff*

*/s/ Philip A. Goldstein*
Philip A. Goldstein