McGuireWoods

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Philip A. Goldstein
Direct: 212.548.2167
pagoldstein@mcguirewoods.com

September 9, 2026

**VIA ECF**
Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Smith v. Independent Home Products LLC***
**Case No. 2:26-cv-04564 (BMC)**
***Joint Letter re Initial Status Conference***

Dear Judge Cogan,

Pursuant to Your Honor's Order (Dkt. No. 5), the parties provide this Joint Letter in advance of the Initial Status Conference scheduled for September 14, 2026 at 11:00 a.m.

**Plaintiff's Statement**

Plaintiff William Smith brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Independent Home Products LLC made unsolicited telemarketing calls to Plaintiff and putative class members. Plaintiff asserts three causes of action under the TCPA: (1) violations of the National Do Not Call Registry provisions, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c); (2) violations of the internal do-not-call list provisions, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d); and (3) violations of the prohibition on prerecorded voice calls, 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B). Plaintiff seeks statutory damages, treble damages for willful violations, injunctive relief, and attorneys' fees and costs on behalf of himself and three proposed classes. Plaintiff intends to meet and confer with counsel for Defendant in order to ascertain the appropriate party and may file a motion to substitute Independent Home LLC as the appropriate party.

Plaintiff further disagrees with the Defendant's defenses. Whether Defendant's conversational AI qualifies as a matter of law as an artificial or prerecorded voice under the TPCA is well settled. Defendant further appears to conflate two separate provisions of the TCPA, the TCPA's artificial or prerecorded voice provision with the TCPA's ATDS provision, which the Plaintiff does not bring claims alleging use of an ATDS. Moreover, the Defendant's position that the Plaintiff's telephone number is not his own telephone number is disputed and the Plaintiff has confirmed that the number is the Plaintiff's, as will be further confirmed through discovery. And finally, the Plaintiff notes that the Southern District of New York has held that text message calls are "telephone calls" within the meaning of the TCPA. *See, e.g.*, *Wilson v. Better Mortg. Corp.*,

811 F. Supp. 3d 631, 637 (S.D.N.Y. 2025). With respect to Plaintiff's Article III and standing arguments, Plaintiff contends that these border on the meritless, as this Court has already observed. Plaintiff provides these positions without prejudice to additional arguments and claims, including class claims, that Plaintiff may raise based on discovery.

**Independent Home LLC's Statement**

Independent Home LLC ("IH") denies all claims asserted against it. As a threshold matter, the Complaint names "Independent Home Products LLC" as Defendant, but the correct entity is Independent Home LLC. Independent Home Products LLC ceased business operations after Independent Home LLC purchased its assets on December 31, 2020, and the incidents alleged in the Complaint all postdate that transaction.

On the merits, IH denies that it violated the TCPA. IH states that it utilizes interactive conversational AI technology to initiate contact with consumers who have expressed interest in its products. This technology is capable of engaging in real-time dialogue with live callers and is not a static prerecorded message or "artificial voice" within the meaning of the statute. IH further denies that it used an automatic telephone dialing system, as the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), requires the technology to have the capacity to randomly or sequentially generate telephone numbers—which IH's technology does not.

IH also asserts that, to the extent the alleged calls were placed with consent, and they were directed to an individual identified as "Wilma." IH also had no knowledge that the telephone number was associated with Plaintiff. IH also asserts that it established and implemented reasonable practices and procedures to prevent telephone solicitations to numbers on the National Do Not Call Registry, entitling it to the bona fide error safe harbor under 47 C.F.R. § 64.1200(c)(2)(i).

Additionally, to the extent Plaintiff's claims are based on text messages, IH asserts that text messages are not 'telephone calls' within the meaning of 47 U.S.C. § 227(c)(5). *See Steidinger v. Blackstone Med. Svs*., 2026 WL 2028517, at *1-2 (7th Cir. July 14, 2026); *Radvansky v. 1-800-Flowers.com, Inc*., 2026 WL 456919, at *5 (N.D. Ga. Feb. 17, 2026).

IH denies that Smith has suffered any actual injury and asserts that Smith lacks Article III standing. IH further denies that class certification is appropriate under Federal Rule of Civil Procedure 23 as there are substantial questions as to typicality, adequacy, and standing. Pursuant to Your Honor's Order (Dkt. No. 5), IH provides these positions without prejudice to additional arguments and defenses that it may raise based on discovery.[1]

[1] Plaintiff's pleading did not provide identifying information concerning Plaintiff, including the alleged phone number at issue on Plaintiff claims he received calls.

**Additional Information Required Pursuant to Dkt. No. 5**

**Jurisdiction**: This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law. IH is not challenging subject matter jurisdiction or personal jurisdiction at this time.

**Damages sought**: Plaintiff seeks statutory damages of $500 for each violation of the TCPA, and up to $1,500 for each knowing or willful violation, as well as injunctive relief, costs, and attorneys' fees.

**Defendant's Position on Motions**: Due to the individualized issues as to Plaintiff, Defendant is interested in an early mediation or settlement conference and respectfully requests that the Court consider referring this matter to mediation or a settlement conference before a Magistrate Judge at an early stage of the proceedings.

Defendant also anticipates filing a motion to strike Plaintiff's class allegations under Federal Rule of Civil Procedure 12(f) or 23(d)(1)(D), based on the unique circumstances of the named Plaintiff. Defendant further anticipates filing a motion for summary judgment.

**Plaintiff's Position on Motions**: Plaintiff is willing to mediate or settle the matter, but only after discovery into the class claims and on a class basis. Plaintiff anticipates filing a motion for class certification at the same time as Defendant's deadline for filing summary judgment.

**Case Management**: To comply with the Court's Order, the parties intend to have the completed Case Management Plan prior to the Initial Status Conference.

We thank the Court for its courtesy and consideration.

Respectfully submitted,

*s/ Philip A. Goldstein*

Philip A. Goldstein

cc: All counsel of record (via ECF)